Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Thank you, Mr. Robinson and thank you, Mr. Barrera. Good morning, Council. We are appreciative of your being with us by virtual methods. We wish we could be together in person and hope that that day is not too far away. We have three cases this morning and I think experienced counsel, so you're familiar with our traffic light system, which I'm going to try to enforce. Because we're doing this by Zoom, we had agreed to allow counsel to have the first couple of minutes, two minutes, of their argument uninterrupted. So we'll honor that and with that, I'll call the first case of the United States v. Vincent Savarese and I believe Ms. Devine. Thank you, Your Honor. Jenny Devine appearing on behalf of the appellant, Mr. Savarese, may it please the court, counsel. Mr. Savarese has asked the district court to remand his case to the district court to apply Haman and to address the remedy in the first instance. Two points support this request. First, Haman has vindicated Mr. Savarese's argument below that 18 United States Code section 3583k, unlike other supervised release statutes, states a new offense. Mr. Savarese's violation proceeding, however, was treated like an ordinary supervised release proceeding. But Haman now makes clear that the specific features of section k, that it targets specific offenders, that it removes all discretion from the sentencing judge, and that it imposes a mandatory prison term taken together more closely resembles the punishment of a new criminal offense, but without granting a defendant the rights that attend a new criminal prosecution. And a new criminal prosecution demands those rights and processes before and during any admission or trial. Second, a remand is the appropriate course here to flush out any remaining questions surrounding the enforceability of section k, which Haman specifically left open, especially as applied to Mr. Savarese, who raised a double jeopardy concern below. On remand, the parties can brief these issues, including the double jeopardy problem, and the district court can address them in the first instance. Indeed, every other appellate court to confront a section k case post-Haman has remanded for new proceedings consistent with Haman's. The government, however, objects to a remand. According to the government, Haman is inapplicable because Mr. Savarese admitted to the violation here and pleaded guilty in the 2018 case, but neither the admission nor the pro forma violation proceeding, I'm sorry, nor the 2018 plea can negate the import of Haman here. The admission resulted from a fundamentally flawed process that was wholly inconsistent with Haman, and the guilty plea occurred in a separate process that cannot be grafted onto this case. I'd like to start by talking about Mr. Savarese's admission, and our position, your honors, is that the admission does not negate the need for a remand under Haman because it was the result of a fundamentally flawed process, wholly inconsistent with what we now know from Justice Breyer's binding concurrence in Haman. That matters here. Our due process rights, our constitutional protections, they attach at the beginning of a prosecution, and they stay with us until the end of that prosecution, and they're there whether you've confessed, they're there whether you have a prior conviction that is relevant to the instant prosecution. Mr. Savarese asked for these protections here. He was denied, and the reason that matters here, and I will say perhaps most crucially, is that he was never advised in the Section K case of the elements of Section K, either before or during his admission. Section K was not even mentioned during the final revocation hearing. The exact nature of the offense itself, especially as one completely independent from the underlying charge or the new 2018 case, was never outlined for him, and the proceedings were abbreviated perhaps even more so than a regular 3583E3 revocation hearing because the district court had no discretion, knew it had to impose a mandatory minimum, specifically all the concerns that Justice Breyer had about having this type of proceeding under a revocation umbrella. Counsel, do you agree that the 2018 criminal prosecution are the same underlying charges as the supervisor release violation? Yes, your honor. I think that's exactly Mr. Savarese's concern with double jeopardy, and we're not asking the court to make a double jeopardy finding here. That's wise because obviously he didn't preserve that. So with that understanding, let's do a hypothetical for a second. Imagine he had gone to trial in the 2018 case and a jury had found him guilty regarding that. Do you agree at that point that he would have had his jury trial rights with the same exact facts that led to the court imposing the five-year consecutive sentence? No, your honor, and the reason why is process in one case cannot substitute for process in another case. How's that true though under any of the Apprendi Six Amendment cases where the exception to the jury trial right or the satisfaction of the where there's been some sort of either admission underlying it or or a jury trial? So there's two things I want to say about that. First, Mr. Savarese is not similarly situated, I would argue, to the Alene and Apprendi type defendants who at least got all of their process in the Alene or Apprendi case that later maybe got overturned by Alene or Apprendi. They got all of their due process rights and the court could look at those records and see from those records in that same case. That's what counsel, how's that true for an Alene defendant who had pled guilty? In other words, prior to Alene, that defendant did not know and could not have known that that would be an enhancement provision that would require a finding by a jury or admission. But our court and I think every other one has said that where there was an admission where someone either pled guilty or went to trial and the jury had found that even despite not knowing that that in fact was an enhancement provision that would require a finding by a jury beyond a reasonable doubt, would not have been an Alene violation. How is this any different than that? Because even though there's no double jeopardy issue in any of those cases. Well, we're not talking about double jeopardy. We're only talking about Sixth and Fifth Amendment due process and right to jury trial rights, right? In that context, the court looked at it and said even if we gave you that process, it really didn't matter because we can see from the record itself that you had that drug amount or the evidence was. Can we not reach that same conclusion here? No, Your Honor, because it matters here because even when you look at the process, the process shows you that there's a double jeopardy concern that should have been raised and it does exist here. And so it's it does matter for Mr. Savarese much more than it would have that if that process had existed for him. You've now used double jeopardy a few times. You agree with me in the blue brief there is no mention, at least in the Your Honor, we I think page 17 of my initial brief reference document pretty and reference the fact that Mr. Savarese had contended that I'm looking at your blue brief and I don't even see a page 17. It goes up to page 14. I'm sorry, Your Honor, I'm talking about the ECF pages. Okay, all right. I apologize. Okay, so no, I'm sorry, Your Honor. There's two different page numbers for for everything. I'm looking at ECF page 17. Go ahead. I believe if I'm if I'm correct on that site, it should be near the bottom of that where I reference the fact that I document 30 Mr. Savarese he had Oh, there's no doubt in the trial court. You raised a double jeopardy issue and that's what that document raises. But your argument to us here is that that in relation to Hayman was there was a lack of jury trial rights and due process rights, correct? It's not a it's not a it's not a bet case. It's not a double jeopardy case, right? It this is the double jeopardy is important because that's why remand is needed here to flush those enforceability of K issues out and allow Mr. Savarese to raise the double jeopardy argument that he was not permitted to flush out before because it was because the district court denied his document 30 except that he did raise a double jeopardy underlying this in the K proceeding. You you cite the document, the very document in which you did express those concerns. So he did raise the issue, but it's not the issue that was raised on appeal here, right? What we're raising on appeal is that Hayman should apply, and when you apply Hayman's, he gets the process that allows him to raise double jeopardy now on a remand. And so what we're asking the court to do is remand the case just like happened in Hayman with Mr. Hayman. Mr. Hayman's case got remanded to the town circuit so they could flush out the issues that weren't able to be flushed out properly before because it was treated like a violation proceeding. If this had been treated like a new prosecution, as Hayman said it probably should have, Mr. Savarese would have raised, we know from document 30, he would have raised the double jeopardy concern. But Hayman, I mean the big difference in Hayman is there is no admission or a jury finding, I'm sorry, or a plea of guilty on the underlying criminal charge. In that case all that you had was a preponderance finding by the court in a very contested hearing. That's true. And Justice Gorsuch in the plurality part of the opinion actually is very concerned with the fact that the government might use Section K to subvert jury trial rights and other constitutional processes and rights. But the plurality really doesn't help you because the plurality specifically says in a footnote that this is a different, we're not deciding, and this is a different case if there's an underlying guilty plea or, and that references apprendee at admissions, right? I mean plurality is not your friend here I would imagine. Justice Breyer himself in the concurrence talks about the fact that the three features of Section K make it more like a new prosecution, talks about the umbrella, the 2000, year 2000 Johnson Supreme Court case. But what made it, what made it that way he references twice jury trial rights, right? Including the jury trial rights is his word. So he says all the rights attending a new prosecution, including the jury trial right. So I don't believe that Justice Breyer intended to only provide a jury trial right. He, what he's saying is that this is not like the rest of 3583. So the rest of the statutory scheme is under this umbrella that we've historically treated one way. Section K is different and we know that because it has these three features that make it more like a new prosecution. And so we ought to treat it differently and he said including the right to a jury trial right as an example. And so that, that is my reading of Justice Breyer's binding concurrence. And if the elements of Section K, and I think that the court rightfully brings up the fact that the 2018 case is necessarily a lesser included of Section K. If, if we were to litigate double jeopardy, we would probably say that there's three elements of Section K. That you're on supervision, that you are on supervision for an offense that you had to register under SORNA. And three, that you commit a new offense that's under one of the listed chapters that's not one of those misdemeanors. And so that third element is necessarily including all of the elements of the 2018 case. So the government didn't have to prove anything additional in the 2018 case that it didn't also have to prove here in the Section K case. So if Section K is not a violation, if it's not under the umbrella of 3583, that's that, that you've got your process during the underlying original here in the Utah case, he should have been able to receive fifth, sixth amendment rights, due process rights, and to argue that due process concern that he noted in Amendment 30. Heyman now says that he should have been able to flush those issues out. And so Mr. Heyman was sent back so that he could flush those issues out. And I would also say Mr. Sperling in the Ninth Circuit, Mr. Hallman in the Seventh Circuit, those were both remanded back to the district court to flush out those enforceability issues as well. And in specifically... Thank you, Ms. Devine. Your time is up and we'll give you your full five minutes for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the court, Sean Siakonin for the United States. And thank you for the two minutes to speak. I'm going to take this backward and begin with the issue that I think that this court need not and should not address, the double jeopardy issue, simply because that's where my opponent has been focusing. Three points on double jeopardy. First, as the court is aware, this was not raised in Mr. Savarese's brief and it's for good reason that this court typically does not address arguments that are raised for the first time in 28J letters or even in reply briefs. Second point, to the extent that this court, for whatever reason, would be inclined to address this issue in this case, there's an alternative to remand and that is simply to order supplemental briefing. But the final point I want to make is that I think it's clear as a matter of double jeopardy issue here because double jeopardy requires more than separate offenses. The Supreme Court has held that the double jeopardy clause simply does, it does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. And so even if you assume that there are separate offenses here, which is not at all clear from Haman for double jeopardy purposes, but even if you assume that, the threshold question would be whether Congress intended to provide cumulative separate punishment, which it can do. And the reason that I think that's what Congress intended, post taking Haman into account, is that the plain language of subsection k refers to offenses. So subsection k is a special application of the defendant commits an offense. So that logically seems to, that logically requires more than just a finding as to conduct, but a violation of the law which necessarily would involve its own separate cumulative punishment. So for those reasons, I don't think there's a double jeopardy here, a double jeopardy issue here. Haman does not suggest there is a double jeopardy issue here, and this court shouldn't, doesn't need to address the question. But if the court wishes to address the question, I would respectfully request the opportunity to file supplemental briefing on that. What's the harm in remanding the case for the district court to look at this? The district court didn't know that Haman was coming out, rejected the Haman claim, and so never got to the issue of what would you do if the law was the way Justice Breyer said it was in Haman. So what's the harm in just saying district court take a look at this and see what you think? I don't think there would be any harm, but there also wouldn't be any purpose or benefit because there is no remedy to which Mr. Savarese would be entitled as a matter of law based on Haman or any other authority from this court or the Supreme Court. Haman did not hold subsection k facially unconstitutional. It held subsection k unconstitutional as applied to Mr. Haman in the very narrow circumstances where the district court in that case had made factual findings under a preponderance of the evidence where there were disputed facts. And this case is worlds apart from that. Not just because Mr. Savarese pleaded guilty to a criminal offense based on the same conduct, but even putting that aside because Mr. Savarese specifically admitted at his revocation hearing that he had committed that conduct, that that conduct violated the terms of his supervised release, and that that violation warranted revocation under subsection k as specified in his violation petition. Counsel, you're... I apologize, sorry. Yeah, go ahead. No, no, please. All right. Counsel, you know, the Supreme Court takes these cases and makes broad rules, and then we have to get in the weeds and apply them. So I'm just curious about your position. I mean, you're relying on the language from apprendee, I guess, about unless admitted by the defendant. Am I right about that? In part, yes. Apprendee and Booker and that entire line of cases recognize... Okay, so what I'm trying to tease out is like, you know, does that... What is the government's position about that? What processes need to attach to that admission by the defendant? You know, does it... In your view, could it be a confession to the police or does it have... No, I would not... Wait, there's a third choice. Or does it have to be an in-court, you know, proceeding with all the Rule 11 protections? I would argue the latter. And I'd say my position is simply that apprendee, Blakely, Booker, and all the subsequent cases from this court applying that line of precedent consistently recognize that there is no Sixth Amendment right to have a jury find facts that a criminal defendant has judicially admitted, nor to have a jury find the fact of a prior... No, no, I'm not... I'm talking about this case. So, okay, so that's very helpful. You say the admission by the defendant must be attended by Rule 11 protections. That's the government's position, right? That is how I... That is my understanding of the apprendee line of cases. Okay, all right. So here, it's just kind of an odd proceeding. I mean, you know, as I read the transcript, it was... there was a, you know, first the judge sentenced Mr. Savarese to the five years and in the process of, well, I don't know whether I'm going to make this consecutive or concurrent. And then, you know, as you read on through the transcript, I mean, there's no... there's no Rule 11 protections associated with the admission of Mr. Savarese in the beginning of that, in my reading of it. And I'm... I just want to give you an opportunity to address that. And then, you know, it goes... the judge goes on to sentence Mr. Savarese, you know, just, I don't know, 10 or 20 pages later, and says without any, you know, hand-wringing whatsoever, yeah, I'm going to make this concurrent. So I don't... that's my... I mean, how did the... I don't think he got the Rule 11 protections in the admissions that he made about the supervised release. So I don't think... I mean, just... do you understand my question? I do, and my answer to that would be that Rule 11 isn't what applied to the portion of the hearing involving his revocation, because revocation... the protections that are afforded to a criminal defendant on revocation are covered by Federal Rule of Criminal Procedure 32.1. No, but I... so this is what I don't understand about that. I thought you just told me that, you know, Apprendi and that whole line of cases require an admission by the defendant with Rule 11 protections. But you... what you're saying now is that's not true in a supervised release context, or what is your argument? Well, I guess that my view would be... my understanding would be that in this context, Federal Rule of Criminal Procedure 32.1 would be the proxy, the analog to Rule 11 in this context, and I'm not aware of any case suggesting that the rule would be any... that the Sixth Amendment right to jury trial would be any broader, any different under Rule 32 or Rule 11. Well, I mean, as Mr. Vine pointed out, I mean, he wasn't advised of the elements of the crime, he wasn't advised of his right to a jury trial in that portion where he's been... where he's admitting to and being sentenced for the supervised release violation. In that particular portion, no, but the Sixth Amendment issue that the Supreme Court identified in Hamond had to do with Mr. Sabarese's right to have a jury determine disputed facts bearing on his revocation, and the court did specifically advise Mr. Hamond that he had the right to have a jury determine those facts, and the court so advised him at his change of plea colloquy on the underlying offense, which was very shortly before his hearing before the same court, and this is... Well, I mean, if you assume for me that they're separate proceedings, the Rule 11 protections were not provided in the supervised released revocation hearing. Yes, Your Honor, I would agree that as a matter of law that Rule 11 generally does not come into play at revocation hearings. But as a matter of fact, in this case, yes, I don't dispute that. I just... I don't see that as being relevant to Mr. Sabarese's, or to any criminal defendant's, right to have a jury determine facts that have already been admitted by him judicially, whether under Rule 11, whether in accord with Rule 11 or Rule 32, nor with the right to have a jury determine the fact of a prior conviction. So, I mean, Your Honor's point is well taken, and to the extent that you have hesitation about his admissions forming the basis of his revocation, and I would come back to the fact that not only were there factual admissions in the revocation hearing, but the Apprendi line of cases also makes clear that there's no Sixth Amendment right to have a jury find the fact of a prior conviction. And that's essentially what the predicate offense... Of course, you know, that's a little awkward for you, too, because it's really, it's all the same conduct. You know, I mean, the conduct for the revocation and the actual crime, you know, all happened at the same time, so... That's true, but what the Apprendi line of cases holds is that criminal defendants don't have the right to have a jury make... to have a jury determine the fact of a prior conviction. And under subsection K, the fact of a prior conviction is enough to invoke those... That's what subsection K requires is an offense, one of the enumerated offenses. So let me ask you this. Let's assume for the moment there exists a statute somewhere in the world which says that... which has two elements. One, it is legal to A, possess a firearm, and B, to do so after a conviction for a prior felony. Let's assume that statute exists, okay? At the time, in 1988, you were convicted of... in Florida of habitual traffic offense, which is driving while license suspended for fourth or more times. And then in 2018, you were found by the police with a firearm. At trial, do you need to prove to a jury or to the judge or to anybody that you were previously convicted of the offense in 1988? Uh, well, if my understanding of your hypothetical is correct, I would take the the prior offense, 1980 offense... 1988 offense to be a prior conviction to which the jury right would not attach. Right. But so... In other words, you don't need a to prove that to a jury beyond a reason without that... that particular fact, that element of the offense. I'm not aware of any cases still holding. Okay. So let's talk about subsection K. Subsection K says you need to have been on supervision for an offense, and that is reflected in what? That's reflected in the judgment from that underlying offense? Yes, that's reflected in that judgment, and it's also reflected in the violation of supervised release petition. Right. About in this case, and was also... this was all also discussed and admitted repeatedly throughout these proceedings. For instance, in the motion that Mr. Savarese filed seeking to hold subsection K unconstitutional. Right, and it needs to be a SORNA offense. In other words, one that you need to register under specific chapters, and again, that would be simply reflected in the underlying judgment from the prior conviction, right? And in the SORNA statute itself, yes. Right, so no facts that need to be proved. And then the last thing is that you committed another one of these offenses, right? Yes. And can that be proved by a prior conviction? Yes, I don't see why it couldn't be. That's why I don't see that Mr. Savarese has any possible remedy on remand here, because we have the prior conviction. Of course, we also have his separate admission. So either one, I think, under Apprendi would be sufficient, but if you have a concern about relying on one or the other, there's still the other. And that prior conviction, the more recent of the two prior convictions that you would introduce, assuming that you got all Rule 11 rights attached, in other words, you knew your right to a jury trial, you knew your right to call witnesses, to cross-examine witnesses, all of your attendant rights, and you explicitly waived them knowing exactly what those rights are, and did so knowingly, voluntarily, intelligently, as found by the district court. Would you need to then prove that very conviction to a jury? No. And all of that happened in Mr. Savarese's change of plea colloquy in this case. And Mr. Savarese has never argued otherwise. He's not challenged the sufficiency of his plea. He's not argued that it was not knowing or voluntary. And this brings up a good point, Your Honor. To the extent that Mr. Savarese is attempting to the Supreme Court has held that you generally can't do that in the Custis case, which involved predicate offenses under the Armed Career Criminal Act. So as a general matter, I'm not aware of any cases that allow a criminal defendant to collaterally attack predicate offenses in a situation like this. Thank you very much. Thank you, Your Honor. Ms. Devine? You're on mute. Thank you. The public appearance in Haymond specifically divorces Section K from the remainder of the revocation statutes. And so when the government says something like, calls this like a special revocation proceeding, talks about 32.1, this is, according to Justice Breyer, my reading of that concurrence completely separate and apart from everything we've historically understood about revocations from all other parts of 3583. And that would include 32.1 and the ways we usually deal procedurally with those cases in the district court. And Justice Breyer calls it like a new prosecution and with that attaches certain rights, including the right to a jury trial. When somebody has a confession, we deal with that all the time. And that doesn't remove any process from that individual. They are still entitled to absolute notice before and during any admission or any trial. And so that the government has a confession may make their job a whole lot easier on the element of mens rea, for example, doesn't remove any process, doesn't remove any rights from that person. Same I would say for a prior conviction, for example, a felon in possession. If they have that prior conviction, that's one of the elements. It doesn't remove any process, it doesn't remove any rights. They can still go to trial and we do old chief stipulations for those types of things. Sometimes we attack them because we say that's not our client or there was some improper procedure that we try to attack for a prior conviction. But it doesn't take away their rights. And so at a plea for that, they'd still be under Rule 11 and advised fully of all their rights before they waive those and plead guilty. Or at a trial, the jury is instructed fully on that element and it may make the government's job again a whole lot easier in proving that fact of prior conviction, but it doesn't remove any of those processes. The problem here is that when we're taken out of the revocation setting, so we're no longer under that umbrella of 3583 G and those types of situations, we are now, according to Justice Breyer, in a completely new realm. We don't know exactly how that should be enforced, but we know that certain rights are attaching according to Justice Breyer's concurrence. And we know that Mr. Savarese here was not given those rights, both constitutionally and just procedurally, at this hearing. He was not given any type of Rule 11 type notice at all before or during his admission. And I would also note that the 2018 process, and I said before, process there cannot substitute for process here in the Section K case. Apart from just, I think, there being a constitutional problem with trying to substitute one for the other, we also don't have anything on the record from the 2018 case. And so, we can look at a timeline of procedurally what happened in that case and say that, yes, a month before he moved under Hayman to dismiss and find Fifth and Sixth Amendment rights, he pled guilty in that other case. But we don't have the plea colloquy. And we know, just practically speaking, what happens in district courts is that our clients in the new law violation don't get advised under Rule 11 for what may be happening to them in the separate violation proceeding. It doesn't happen. And so, I think, just practically speaking, there's no way Mr. Savarese's rights under due process rights advisement, Rule 11, was satisfied in a different proceeding in the 2018 case that could substitute here. And so, I want to be mindful of my time. I just want to wrap up by by saying that, you know, I understand we're not arguing double jeopardy here. And I'm not asking the court for double jeopardy ruling here today. I'm simply asking the court to apply Hayman, which now tells us that there's something about Section K that isn't the same as every other revocation proceeding. And Mr. Savarese was treated like a regular revocation proceeding. And so, we ought to be able to go back and now argue the things that he asked to argue before and was denied. The way I see it, I see the government trying to rewrite Hayman and ignoring the parts it doesn't like and trying to say that it is somehow the special revocation proceeding or, you know, somehow a quasi new prosecution that has some rights, but only if you want to go to trial. But if you admit or they bring another prosecution against you, you don't get those rights. And that's not what I believe Justice Breyer was saying at all. And so, we're asking the court for remand under Hayman so that we can flush out these issues in the court below. Thank you very much. Thank you very much. We appreciate the presentation from both councils. Very helpful.